# EXHIBIT A

Issued and Filed
Superior Court of California,
Sacramento
10/27/2023
johnsok
By ______________, Deputy
23CV010632

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
Amazon.com Services LLC, a Delaware Limited Liability Company; and DOES 1 through 30, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
Sweet Ann Nanca, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*__¡AVISO!__ Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Sacramento Superior Court
720 9th Street, Sacramento, CA 95814

CASE NUMBER:
*(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Wesley C. Shelton c/o Wilshire Law Firm, PLC 3055 Wilshire Blvd., 12th Floor Los Angeles CA 90010, (213) 381-9988

DATE: *(Fecha)* OCT 2 7 2023 Clerk, by *(Secretario)* K. JOHNSON, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: Amazon.com Services LLC, a Delaware Limited Liability Company
   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☒ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SACRAMENTO
SACRAMENTO, CALIFORNIA, 95814
916-874-5522
WWW.SACCOURT.CA.GOV

# ALTERNATIVE DISPUTE RESOLUTION INFORMATION PACKAGE

Recognizing that many civil disputes can be resolved without the time and expense of traditional civil litigation, the Superior Court of California, County of Sacramento (Sacramento County Superior Court), strongly encourages parties in civil cases to explore and pursue the use of Alternative Dispute Resolution.

**What is Alternative Dispute Resolution?**

Alternative Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes which are alternatives to lawsuits. Types of ADR processes include:

- Arbitration
- Mediation
- Settlement Conferences
- Private judging
- Neutral evaluation
- Mini-trials
- Negotiation and *hybrids* of these processes

All ADR processes offer a partial or complete alternative to traditional court litigation for resolving disputes. At the present time, the Sacramento County Superior Court offers Mediation and Arbitration.

**What are the advantages of using ADR?**

ADR can have a number of advantages over traditional court litigation.

* **ADR can save time.** Even in a complex case, a dispute can be resolved through ADR in a matter of months or weeks, while a lawsuit can take years.

* **ADR can save money.** By producing earlier settlements, ADR can save parties and courts money that might otherwise be spent on litigation costs (attorneys fees and court expenses.)

* **ADR provides more participation.** Parties have more opportunity with ADR to express their own interests and concerns, while litigation focuses exclusively on the parties' legal rights and responsibilities.

* **ADR provides more control and flexibility.** Parties can choose the ADR process most appropriate for their particular situation and that will best serve their particular needs.

* **ADR can reduce stress and provide greater satisfaction.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere found in litigation. Surveys of disputants who have gone through ADR have found that satisfaction with ADR is generally high, especially among those with extensive ADR experience.

**Arbitration and Mediation**

Although there are many different types of ADR processes, the types most commonly used to resolve disputes in California state courts are Arbitration and Mediation. The Sacramento County Superior Court currently offers pre-screened panelists with experience and training in each of the following areas.

**Arbitration.** An Arbitrator hears evidence presented by the parties, makes legal rulings, determines facts and makes an Arbitration award. Arbitration awards may be entered as judgments in accordance with the agreement of the parties or, where there is no agreement, in accordance with California statutes. Arbitration can be binding if the parties so agree in writing. If there is no such agreement, either party can reject the Arbitration award and request a trial.

**Mediation.** Mediation is a voluntary, informal, confidential process in which the Mediator, a neutral third party, facilitates settlement negotiations. The Mediator improves communication by and among the parties, helps parties clarify facts, identify legal issues, explore options and arrive at a mutually acceptable resolution of the dispute.

Litigants are encouraged to use an ADR process as early in the case as circumstances permit. All appropriate cases will be reviewed for referral to ADR at the Case Management Conference(CMC).

**ADR Procedures for the Sacramento County Superior Court**

Upon filing a complaint or cross-complaint, the plaintiff/cross-complainant must acquire this information package from the Court's Website, http://www.saccourt.ca.gov, or the Superior Court Clerk. Plaintiff is required to include the ADR Information Package when he or she serves the Complaint on the Defendant.

The court's ADR Panel List is available on-line at http://www.saccourt.ca.gov or may be obtained at the Civil Filing Counter at the Gordon D. Schaber Sacramento County Courthouse, 720 Ninth Street, Room 101, Sacramento, CA 95814.

**Mediation.**

All parties to the dispute may voluntarily agree to submit the case to a neutral Mediator, either through a court-appointment or through a private arrangement. The parties may choose either of the following Mediation choices:

**Private Mediation.** Parties to a civil action agree to mediate their dispute with a Mediator of their choice without court assistance.. The cost of Mediation must be borne by the parties equally unless the parties agree otherwise. Parties will be charged an amount as set by the Mediator (refer to the ADR Panel List for current rates).

**Court Mediation.** Upon stipulation of the parties, a Mediator and alternate Mediator will be selected from the court-approved list of neutrals (ADR Panel List). The court will confirm the selected Mediator and notice parties by mail.

The Mediator is then responsible for contacting the parties to confirm a date, time, and place for Mediation. Mediators on the court's approved ADR Panel List have agreed to provide up to three (3) hours of pro-bono Mediation. In the event the Mediation extends beyond 3 hours and parties determine it would be beneficial to continue the Mediation process; the parties will independently be responsible for compensating the Mediator in an amount as set by the Mediator.

*UNLIMITED CIVIL CASES*

- A *Stipulation and Order to Mediation – Unlimited Civil Cases,* Form CV\E-MED-179 *(see attached)* may be filed with the court at any time up to 15 calendar days prior to the Case Management Conference.
- If the parties do not stipulate to Mediation prior to their CMC, they may indicate their willingness to stipulate to Mediation at the CMC. In that event, parties must submit a *Stipulation and Order to Mediation – Unlimited Civil Cases* within 14 calendar days after their CMC.

LIMITED CIVIL CASES

- Parties may select and conduct voluntary Private Mediation without notification to the Court.
- Parties may stipulate to court mediation by filing a Stipulation and Order to Arbitration/Mediation - Limited Civil Cases form (CV\E-203) at any time after the filing of the Limited Civil Case Status Memorandum form (CV\E-202). This form is located on the court's website at http://www.saccourt.ca.gov. A Stipulation and Order to Arbitration/Mediation – Limited Civil Cases MUST be filed concurrently or subsequent to a Limited Civil Case Status Memorandum.

**Arbitration**
*UNLIMITED CIVIL CASES*

- Plaintiff may elect, the parties may stipulate, or the judge may Order the case to Arbitration. Parties will be asked to select an Arbitrator and three alternate Arbitrators from the court's ADR Panel List. The court will send a Notice of Appointment and an appropriate Order to Arbitration to all parties.

- Arbitrations are conducted pursuant to California Rules of Court, rules 3.810 through 3.830, and Local Rules Chapter 2, Part 5. Unless otherwise stipulated, an Award of Arbitrator is not binding upon the parties provided that they file a timely Request for Trial De Novo pursuant to California Rules of Court, rule 3.826. Upon the filing of a timely Request for Trial De Novo, the case will proceed to a Trial-Setting Conference. If no timely Request for Trial De Novo is filed, judgment based upon the Award of Arbitrator will be entered pursuant to California Rules of Court, rule 3.827.

LIMITED CIVIL CASES
Arbitration may occur in a limited civil case under the following circumstances:

- When all parties stipulate to arbitration pursuant to Code of Civil Procedure section 1141.12. A stipulation for arbitration shall be filed using the Court's local form, Stipulation and Order to Arbitration/Mediation – Limited Civil Cases form (CV\E-203). A Stipulation and Order to Arbitration/Mediation – Limited Civil Cases MUST be filed concurrently or subsequent to a Limited Civil Case Status Memorandum form (CV\E-202).

- When plaintiff elects to refer the case to judicial arbitration. A written election by the plaintiff to submit an action or proceeding to arbitration shall be filed using the Court's local form, Limited Civil Case Status Memorandum form (CV\E-202).

**Additional Information**
For additional information regarding the Court's ADR program, please go to the Court's website http://www.saccourt.ca.gov.

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Wesley C. Shelton (237521)
3055 Wilshire Blvd., 12th Floor
Los Angeles CA 90010
TELEPHONE NO.: (213) 381-9988 FAX NO. (Optional): (213) 381-9989
E-MAIL ADDRESS: wshelton@wilshirelawfirm.com
ATTORNEY FOR (Name): Sweet Ann Nanca

FOR COURT USE ONLY

Filed
Superior Court of California,
Sacramento
10/26/2023
johnsok
By ______________, Deputy
23CV010632

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO
STREET ADDRESS: 720 9th Street
MAILING ADDRESS: 720 9th Street
CITY AND ZIP CODE: Sacramento, CA 95814
BRANCH NAME: Sacramento Superior Court

CASE NAME:
Sweet Ann Nanca v. Amazon.com Services LLC

## CIVIL CASE COVER SHEET

[X] **Unlimited** (Amount demanded exceeds $25,000)
[ ] **Limited** (Amount demanded is $25,000 or less)

**Complex Case Designation**
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER:

JUDGE:

DEPT.:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

BY FAX

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify)*: Nine (9)
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 25, 2023
Wesley C. Shelton
(TYPE OR PRINT NAME) ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET



**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
- Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
- Confession of Judgment *(non-domestic relations)*
- Sister State Judgment
- Administrative Agency Award *(not unpaid taxes)*
- Petition/Certification of Entry of Judgment on Unpaid Taxes
- Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

| SUPERIOR COURT OF CALIFORNIA COUNTY OF SACRAMENTO | Court Use Only |
|---|---|
| COURTHOUSE ADDRESS: Gordon D. Schaber Superior Court 720 9th Street, Sacramento, CA 95814 | |
| PLAINTIFF/PETITIONER: Sweet Ann Nanca | |
| DEFENDANT/RESPONDENT: Amazon.com Services LLC, a Delaware Limited Liability Company et al | |
| **NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (UNLIMITED CIVIL CASE)** | CASE NUMBER: 23CV010632 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

## NOTICE OF CASE ASSIGNMENT

Pursuant to rule 3.734 of the California Rules of Court, this action is hereby assigned for limited purposes to the judicial officers indicated below:

| PURPOSE | ASSIGNED JUDGE | COURT LOCATION | DEPARTMENT |
|---|---|---|---|
| **LAW & MOTION** | Christopher E. Krueger | Hall of Justice | 54 |
| **CASE MANAGEMENT PROGRAM** | Kenneth C. Mennemeier | Gordon D. Schaber Superior Court | 38 |

Please refer to Chapter Two – Parts 3 and 4 of the Sacramento Superior Court Local Rules and the Court's website for additional filing instructions and hearing reservation information.

## NOTICE OF CASE MANAGEMENT CONFERENCE

**Hearing Date**

The above entitled action has been set for a case management conference at **8:30 AM** on **September 20, 2024** in **Department 38** in accordance with California Rules of Court 3.722. You must be familiar with the case and fully prepared to participate effectively in the case management conference.

**Case Management Statement**

All parties must file and serve a case management statement at least 15 calendar days before the case management conference. Parties are encouraged to file a single joint case management statement.

**Minimum Requirements**

Prior to the filing of the case management statement, the parties should have done the following:

- Served all parties named in the complaint within 60 days after the summons has been issued
- Ensured that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered
- Met and conferred with all parties as required by CRC 3.724 to discuss and resolve issues set forth therein.

| SHORT TITLE: NANCA vs AMAZON.COM SERVICES LLC, A DELAWARE LIMITED LIABILITY COMPANY, et al. | CASE NUMBER: 23CV010632 |
|---|---|

**Tentative Ruling**

Following its review of the case management statement(s), the court may determine that a case management conference is not necessary. To determine whether an appearance is required, the parties must check the court's tentative rulings after 2:00 p.m. on the Court day before the Friday calendar by accessing the court's internet website at www.saccourt.ca.gov

**Remote Appearances**

Unless ordered to appear in person by the court, parties may appear remotely either telephonically or by video conference via the Zoom video/audio conference platform with notice to the court and all other parties in accordance with Code of Civil Procedure 367.75. If appearing remotely, parties are required to participate in their hearing using a device that has video and/or audio capability (i.e. computer, smartphone, or tablet). Although remote participation is not required, the court will presume all parties are appearing remotely for non-evidentiary civil hearings.

**Certification Filed in Lieu of Case Management Statement**

If parties in the action file a certification on a form provided by the court at least 15 calendar days prior to the date of the case management conference that the case is short cause (five hours or less of trial time), that the pleading stage is complete and that the case will be ready for trial within 60 days, the case will be exempted from any further case management requirements and will be set for trial within 60-120 days. The certification shall be filed in lieu of a case management statement.

**Case Management Orders**

At the case management conference, the court will consider whether the case should be ordered to judicial arbitration or referred to other forms of Alternative Dispute Resolution. Whether or not a case management conference is held, the court will issue a case management order shortly after the scheduled conference date.

**Service of Notice of Case Assignment and Case Management Conference**

Unless otherwise ordered by the court, plaintiff shall serve a copy of this notice on any party to the complaint appearing after the court issued this notice. The cross-complainant shall have the same obligation with respect to the cross-complaint.

**Compliance**

Failure to comply with this notice or to appear at the case management conference may result in the imposition of sanctions (including dismissal of the case, striking of the answer, or payment of money).

**Continuances**

Case management conference(s) will not be continued except on a showing of good cause. If your case management conference is continued on motion or by the court on its own motion all parties shall file and serve a new case management statement at least 15 calendar days before the continued case management conference.

Dated: 10/27/2023 By:

/s/ K. Johnson
K. Johnson, Deputy Clerk

Filed
Superior Court of California,
Sacramento
10/26/2023
johnsok
By ________________, Deputy
23CV010632

Wesley C. Shelton (SBN 237521)
wshelton@wilshirelawfirm.com
**Wilshire Law Firm**
**A Professional Law Corporation**
3055 Wilshire Blvd., 12th Floor
Los Angeles, California 90010
Telephone: (213) 381-9988

Attorney for Plaintiff
Sweet Ann Nanca

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SACRAMENTO**

| | |
|---|---|
| Sweet Ann Nanca, an individual,<br><br>Plaintiff.<br>-vs.-<br><br>Amazon.com Services LLC, a Delaware Limited Liability Company; and DOES 1 through 30, inclusive,<br><br>Defendants. | Case No:<br><br>**COMPLAINT FOR DAMAGES**<br>1. Discrimination Based on Physical Disability<br>2. Failure to Accommodate Actual or Perceived Physical Disability<br>3. Failure to Engage in Good Faith Interactive Process<br>4. Failure to Prevent Discriminatory Practices<br>5. Fair Employment & Housing Act Retaliation<br>6. Retaliation in Violation of Labor Code (Labor Code §1102.5)<br>7. Failure to Produce Personnel and Pay Records<br>8. Waiting-Time Penalty (Labor Code §§ 203, 218)<br>9. Wrongful Termination in Violation of Public Policy<br><br>**DEMAND FOR JURY TRIAL** |

BY FAX

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

Plaintiff, Sweet Ann Nanca, alleges as follows:

**PRELIMINARY MATTERS**

**(Jurisdiction, Parties, and Venue)**

1. At all times mentioned herein, plaintiff Sweet Ann Nanca ("Plaintiff" or "Ms. Nanca") was an individual over the age of 18 and a resident of the County of Sacramento, State of California.

2. At all times mentioned herein, defendant Amazon.com Services LLC ("Defendant") was a Delaware limited liability company.

3. Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as Does 1 through 30, inclusive, and therefore sues defendants under such fictitious names. Plaintiff is informed and believes and therefore alleges that each of the defendants designated herein as DOE is legally responsible in some manner for the events and happenings referred to and proximately caused injury and damages thereby to Plaintiff as herein alleged. Plaintiff is informed, believes, and alleges that Does 1 through 30 are residents and citizens of the State of California.

4. At all relevant times, defendant and Does 1-30 were the agents, servants, and alter-egos of each other, and as such, the acts and omissions of one defendant are considered the acts and omissions of all defendants. Plaintiff is informed and believes and alleges that there is such unity of interests and ownership between these defendants that separate status no longer exists and that observance of the fiction of separate existence among these defendants would sanction fraud and promote injustice.

5. All actions and conduct of Defendant and Does 1-30 as alleged herein were committed in Sacramento County, State of California. Plaintiff is further informed and believes that witnesses to the events described herein were and are residents of Sacramento County, California.

6. The damages in controversy demanded by Plaintiff are greater than $25,000.00.

7. Within the time provided by law, Plaintiff filed a complaint with the California Civil Rights Department, in full compliance with these sections, and has received and served a right-to-sue letter. A true and correct copy of Plaintiff's Charge and Right to Sue letter is attached as Exhibit A.

**FACTUAL ALLEGATIONS**

8. Defendant hired Ms. Nanca on November 22, 2020. On February 3, 2021, Defendant

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

promoted Ms. Nanca to the position of Fulfillment Associate and gave her a raise to $15.50 per hour with a $.60 shift differential. Ms. Nanca is legally blind, among other disabilities.

9. On or about January 9, 2023, Ms. Nanca provided Defendant with a note from her doctor which stated that she should be provided with "intermittent time off," consisting of "1-3 days per month," valid for one year. From January 9, 2023 until her employment was terminated, Ms. Nanca was never absent for more than three days per month.

10. Defendant has an attendance point system by which an employee accrues one point for each unexcused absence. If an employee accrues a certain maximum number of attendance points, the employee may be involuntarily terminated. Because Ms. Nanca's doctor had provided her with intermittent leave consisting of three days per month, and because at all relevant times she was never absent for more than three days per month, she should not have earned any attendance points.

11. Nevertheless, throughout the first half of 2023, Ms. Nanca noticed that she was accumulating attendance points. As her attendance points increased, Ms. Nanca became concerned and met with Defendant's Human Resources (HR) representatives on multiple occasions to report that she was accumulating attendance points even though her doctor had excused her absences, each time showing Defendant's HR representative her medical paperwork. After each meeting, Defendant's HR representatives agreed with Ms. Nanca that her absences were excused, that she should not be incurring attendance points, and promised to have those attendance points erased from her record.

12. During April and May 2023, Ms. Nanca also reported her concerns about the accumulating attendance points to Defendant's Senior Operations Manager, Jeff Brostrom. Mr. Brostrom agreed with Ms. Nanca that because her doctor had provided her with up to three intermittent absences per month her absences should be excused, that she should not be incurring attendance points, and promised to have those attendance points erased from her record. He told Ms. Nanca: "don't worry about the points."

13. On May 31, 2023, Ms. Nanca reported to Mr. Brostrom that a coworker had harassed her saying that she was "faking" her disability, and "I don't think you are legally blind. I can see you looking into my eyes. I don't understand why you work here." Upon receiving Ms. Nanca's complaint, Mr. Brostrom instructed Ms. Nanca to write down what had happened. Traumatized by the harassment, Ms.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

Nanca found herself suffering from a panic attack and she told Mr. Brostrom that she would like to go home early but was worried about accumulating any more attendance points. Mr. Brostrom told Ms. Nanca: "there's nothing to worry about, you can go home and we'll fix your points."

14. On June 7, 2023, Defendant terminated Ms. Nanca's employment for cause. At time of termination, Ms. Nanca called the Defendant's Employee Resource Center and spoke to a representative there to ask why she was fired. The representative informed Ms. Nanca that she was fired due to an "attendance points violation." Ms. Nanca appealed her termination through Defendant's formal employment review process, and an appeal hearing was scheduled for June 14, 2023. Ms. Nanca appeared for her appeal on the appointed day and time, but Defendant's representative did not appear, and made no effort to cancel or reschedule the appeal.

15. Defendant paid Plaintiff her final paycheck on or about September 21, 2023, several months after her June 7, 2023 termination.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

**FIRST CAUSE OF ACTION**

Discrimination Based on Physical Disability

(Government Code §§ 12940 (a) and 12926 (o))

(Against Defendant and Does 1-30)

16. Plaintiff refers to and incorporates each paragraph above as though set forth in full in this cause of action.

17. At all relevant times, Government Code §§ 12940 (a) and 12926 (o) were in full force and effect and binding on Defendant. These statutes prohibit Defendant from discriminating against any employee based on that employee's actual and/or perceived disability.

18. Defendant was an employer.

19. Plaintiff was an employee of Defendant.

20. Defendant knew that Plaintiff had a physical disability that limited one or more major life activities.

21. Plaintiff was able to perform the essential job duties of her position, either with or without reasonable accommodation for her physical disability.

22. Defendant discharged Plaintiff.

23. Plaintiff's history of having a physical disability was a substantial motivating reason for Defendant's decision to discharge Plaintiff.

24. Plaintiff was harmed.

25. Defendant's conduct was a substantial factor in causing Plaintiff's harm.

26. As a direct, foreseeable and proximate result of Defendant's wrongful acts, Plaintiff has suffered and will continue to suffer damages, including without limitation, emotional distress, loss of wages (past and future) and benefits, and professional advancement opportunities, all in an amount in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

27. Pursuant to California Government Code § 12965(b), Plaintiff is entitled to an award of reasonable attorney's fees and costs, including expert witness fees.

28. Defendant committed the acts alleged with malice, oppression, or fraud. The conduct constituting malice, oppression or fraud was: (1) committed by one or more officers, directors, or managing agents of Defendant, who acted on behalf of Defendant; or (2) authorized by one or more officers, directors, or managing agents of Defendant; or (3) known by one or more officers, directors, or managing agents of Defendant, which they adopted or approved after that conduct occurred. As a result, Plaintiff is entitled to recover punitive/ exemplary damages commensurate with Defendant's wrongful acts and sufficient to punish and deter future similarly reprehensible conduct.

**WHEREFORE**, Plaintiff prays judgment against Defendant and Does 1-30 as is more fully set forth hereinafter.

## SECOND CAUSE OF ACTION

Failure to Accommodate Actual or Perceived Physical Disability

(Government Code § 12940 (m))

(Against Defendant and Does 1-30)

29. Plaintiff refers to and incorporates each paragraph above as though set forth in full in this cause of action.

30. At all relevant times, Government Code § 12940 (m) was in full force and effect and binding on Defendant. This statute requires Defendant to provide reasonable accommodation to known disabled employees.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

31. Defendant was an employer.

32. Plaintiff was an employee of Defendant.

33. Plaintiff had a disability that limited one or more major life activities.

34. Defendant knew of Plaintiff's disability that limited one or more major life activities.

35. Plaintiff was able to perform the essential duties of her current position or a vacant alternative position to which she could have been reassigned with reasonable accommodation for her disability.

36. Defendant failed to provide reasonable accommodation for Plaintiff's disability.

37. Plaintiff was harmed.

38. Defendant's failure to provide reasonable accommodation was a substantial factor in causing Plaintiff's harm.

39. As a direct, foreseeable and proximate result of Defendant's wrongful acts, Plaintiff has suffered and will continue to suffer damages, including without limitation, emotional distress, loss of wages (past and future) and benefits, and professional advancement opportunities, all in an amount in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

40. Pursuant to California Government Code § 12965(b), Plaintiff is entitled to an award of reasonable attorney's fees and costs, including expert witness fees.

41. Defendant committed the acts alleged with malice, oppression, or fraud. The conduct constituting malice, oppression or fraud was: (1) committed by one or more officers, directors, or managing agents of Defendant, who acted on behalf of Defendant; or (2) authorized by one or more officers, directors, or managing agents of Defendant; or (3) known by one or more officers, directors, or managing agents of Defendant, which they adopted or approved after that conduct occurred. As a result, Plaintiff is entitled to recover punitive and exemplary damages commensurate with Defendant's wrongful acts and sufficient to punish and deter future similarly reprehensible conduct.

**WHEREFORE,** Plaintiff prays judgment against Defendant and Does 1-30 as is more fully set forth hereinafter.

## THIRD CAUSE OF ACTION

Failure to Engage in Good Faith Interactive Process

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

(Government Code § 12940 (n))

(Against Defendant and Does 1-30)

42. Plaintiff refers to and incorporates each paragraph above as though set forth in full in this cause of action.

43. At all relevant times, Government Code §§ 12940 (a) and 12940 (n) were in full force and effect and binding on Defendant. These statutes require Defendant to engage in a timely, good-faith, interactive process with an employee who has a known disability or known medical condition to determine whether an effective reasonable accommodation can be provided.

44. Defendant was an employer.

45. Plaintiff was an employee of Defendant.

46. Plaintiff had a disability that was known to Defendant.

47. Plaintiff requested that Defendant make reasonable accommodation for her disability, including light duty and/or an intermittent leave of absence, so that she would be able to perform the essential job requirements.

48. Plaintiff was willing to participate in an interactive process to determine whether reasonable accommodation could be made so that she would be able to perform the essential job requirements.

49. Defendant failed to participate in a timely good faith interactive process with Plaintiff to determine whether reasonable accommodation could be made.

50. Defendant could have made a reasonable accommodation when the interactive process should have taken place.

51. Plaintiff was harmed.

52. Defendant's failure to engage in a good faith interactive process was a substantial factor in causing Plaintiff's harm.

53. As a direct, foreseeable and proximate result of Defendant's wrongful acts, Plaintiff has suffered and will continue to suffer damages, including without limitation, emotional distress, loss of wages (past and future) and benefits, and professional advancement opportunities, all in an amount in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

54. Pursuant to California Government Code § 12965(b), Plaintiff is entitled to an award of reasonable attorney's fees and costs, including expert witness fees.

55. Defendant committed the acts alleged with malice, oppression, or fraud. The conduct constituting malice, oppression or fraud was: (1) committed by one or more officers, directors, or managing agents of Defendant, who acted on behalf of Defendant; or (2) authorized by one or more officers, directors, or managing agents of Defendant; or (3) known by one or more officers, directors, or managing agents of Defendant, which they adopted or approved after that conduct occurred. As a result, Plaintiff is entitled to recover punitive/ exemplary damages commensurate with Defendant's wrongful acts and sufficient to punish and deter future similarly reprehensible conduct.

**WHEREFORE**, Plaintiff prays judgment against Defendant and Does 1-30 as is more fully set forth hereinafter.

## FOURTH CAUSE OF ACTION

Failure to Prevent Discriminatory Practices

(Government Code § 12940 (k))

(Against Defendant and Does 1-30)

56. Plaintiff refers to and incorporates each paragraph above as though set forth in full in this cause of action.

57. At all times mentioned, Government Code § 12940 (k) was in full force and effect and was binding on Defendant. This statute required Defendant to take all reasonable steps necessary to prevent discrimination, harassment, and retaliation from occurring in the workplace.

58. Plaintiff was an employee of Defendant.

59. Plaintiff was subjected to discrimination in the course of employment.

60. Defendant failed to take all reasonable steps to prevent the discrimination.

61. Plaintiff was harmed.

62. Defendant's failure to take all reasonable steps to prevent the discrimination was a substantial factor in causing Plaintiff's harm.

63. As a direct, foreseeable and proximate result of Defendant's wrongful acts, Plaintiff has suffered and will continue to suffer damages, including without limitation, emotional distress, loss of

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

wages (past and future) and benefits, and professional advancement opportunities, all in an amount in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

64. Pursuant to California Government Code § 12965(b), Plaintiff is entitled to receive an award of reasonable attorney's fees and costs, including expert witness fees.

65. Defendant committed the acts alleged with malice, oppression, or fraud. The conduct constituting malice, oppression or fraud was: (1) committed by one or more officers, directors, or managing agents of Defendant, who acted on behalf of Defendant; or (2) authorized by one or more officers, directors, or manging agents of Defendant; or (3) known by one or more officers, directors, or managing agents of Defendant, which they adopted or approved after that conduct occurred. As a result, Plaintiff is entitled to recover punitive/ exemplary damages commensurate with Defendant's wrongful acts and sufficient to punish and deter future similarly reprehensible conduct.

**WHEREFORE**, Plaintiff prays judgment against Defendant and Does 1-30 as is more fully set forth hereinafter.

**FIFTH CAUSE OF ACTION**

Fair Employment & Housing Act Retaliation

(Government Code § 12940 (h))

(Against Defendant and Does 1-30)

66. Plaintiff incorporates by reference all prior paragraphs of the allegations as though fully set forth herein.

67. California Government Code § 12940 (h) makes it unlawful for an employer to discharge, expel, or otherwise discriminate against any person, including adversely affecting working conditions, because the person has opposed any practices forbidden under Fair Employment & Housing Act.

68. Plaintiff requested accommodations for her physical disability and complained to Defendant on May 31, 2023 that she was being harassed by another employee because of her physical disability.

69. Defendant discharged Plaintiff.

70. Plaintiff's request for accommodations for her physical disability and/or complaint to

Defendant on May 31, 2023 about being harassed by another employee due to her physical disability was a substantial motivating reason for Defendant's decision to discharge Plaintiff on June 7, 2023.

71. Plaintiff was harmed.

72. Defendant's decision to discharge Plaintiff was a substantial factor in causing Plaintiff's harm.

73. As a direct, foreseeable and proximate result of Defendant's wrongful acts, Plaintiff has suffered and will continue to suffer damages, including without limitation, emotional distress, loss of wages (past and future) and benefits, and professional advancement opportunities, all in an amount in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

74. Pursuant to California Government Code § 12965(b), Plaintiff is entitled to an award of reasonable attorney's fees and costs, including expert witness fees.

75. Defendant committed the acts alleged with malice, oppression, or fraud. The conduct constituting malice, oppression or fraud was: (1) committed by one or more officers, directors, or managing agents of Defendant, who acted on behalf of Defendant; or (2) authorized by one or more officers, directors, or managing agents of Defendant; or (3) known by one or more officers, directors, or managing agents of Defendant, which they adopted or approved after that conduct occurred. As a result, Plaintiff is entitled to recover punitive/ exemplary damages commensurate with Defendant's wrongful acts and sufficient to punish and deter future similarly reprehensible conduct.

**WHEREFORE**, Plaintiff prays judgment against Defendant and Does 1-30 as is more fully set forth hereinafter.

## SIXTH CAUSE OF ACTION

Retaliation in Violation of Labor Code

(Labor Code § 1102.5)

(Against Defendant and Does 1-30)

76. Plaintiff refers to and incorporates each paragraph above as though set forth in full in this cause of action.

77. At all relevant times, Labor Code § 1102.5(a) was in full force and effect and was binding on Defendant.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

78. Defendant was Plaintiff's employer.

79. On May 31, 2023, Plaintiff reported to Defendant that she was being harassed by another employee because of her physical disability.

80. Plaintiff had reasonable cause to believe that by reporting the harassment she had suffered, she was disclosing a violation of a state or federal statute, rule, or regulation.

81. Defendant discharged Plaintiff on June 7, 2023.

82. Plaintiff's report that she was being harassed by another employee due to her physical disability was a contributing factor in Defendant's decision to discharge Plaintiff.

83. Plaintiff was harmed.

84. Defendant's conduct was a substantial factor in causing Plaintiff's harm.

85. Plaintiff is entitled to a civil penalty not to exceed $10,000.00 for Defendant's violations of Labor Code § 1102.5.

86. As a direct, foreseeable and proximate result of Defendant's wrongful acts, Plaintiff has suffered and will continue to suffer damages, including without limitation, emotional distress, loss of wages (past and future) and benefits, and professional advancement opportunities, all in an amount in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

87. Pursuant to California Labor Code § 1102.5, Plaintiff is entitled to receive an award of reasonable attorney's fees and costs, including expert witness fees.

88. Defendant committed the acts alleged with malice, oppression, or fraud. The conduct constituting malice, oppression or fraud was: (1) committed by one or more officers, directors, or managing agents of Defendant, who acted on behalf of Defendant; or (2) authorized by one or more officers, directors, or managing agents of Defendant; or (3) known by one or more officers, directors, or managing agents of Defendant, which they adopted or approved after that conduct occurred. As a result, Plaintiff is entitled to recover punitive/ exemplary damages commensurate with Defendant's wrongful acts and sufficient to punish and deter future similarly reprehensible conduct.

**WHEREFORE**, Plaintiff prays judgment against Defendant and Does 1-30 as is more fully set forth hereinafter.

**SEVENTH CAUSE OF ACTION**

Failure to Produce Personnel File and Payroll Records

(Labor Code §§ 226, 247.5 and 1198.5)

(Against Defendant and Does 1-30)

89. Plaintiff refers to and incorporates each paragraph above as though set forth in full in this cause of action.

90. Labor Code § 226 (b) requires California employers to permit inspection and copying of certain payroll records to current and former employees no later than 21 days after a record request. Section (c) states that "A failure by an employer to permit a current or former employee to inspect or copy records within the time set forth in subsection (c) entitles the current or former employee or the Labor Commissioner to recover a seven hundred fifty-dollar ($750) penalty from the employer."

91. Labor Code §1198.5 requires an employer to permit inspection and copying or produce a copy of an employee's personnel file within 30 days of the request. Failure to produce the personnel file is punishable by a $750.00 fine plus attorney's fees and costs.

92. Defendant was Plaintiff's employer and/or was an "other person acting on behalf of" such employer, as defined by Labor Code § 558.1 (b) and is personally liable for the violations alleged in this cause of action.

93. On July 21, 2023, through legal counsel, Plaintiff made a written request to Defendant for inspection of Plaintiff's payroll/wage records and to produce a copy of Plaintiff's personnel file.

94. Defendant did not timely reply to Plaintiff's request, did not timely allow Plaintiff an opportunity to inspect and copy the payroll/wage records, and did not timely allow Plaintiff an opportunity to inspect and copy, or produce a copy of, Plaintiff's personnel file.

95. In accordance with Labor Code § 226, Plaintiff is entitled to receive a civil penalty in the total amount of $1,500, together with interest thereon and attorneys fees and costs.

**WHEREFORE**, Plaintiff prays judgment against Defendants and Does 1-30 as is more fully set forth hereinafter.

**EIGHTH CAUSE OF ACTION**

Statutory Waiting Time Penalties

(Labor Code §§ 201, 202, and 203)

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

(Against Defendant and Does 1-30)

96. Plaintiff refers to and incorporates each paragraph above as though set forth in full in this cause of action.

97. California Labor Code §§ 201 and 202 require an employer to pay all wages earned but unpaid immediately upon the involuntary discharge of an employee or within seventy - two hours of an employee's voluntary termination of employment. If an employee intentionally or willfully fails to pay all wages earned and due upon termination as set forth above, the affected employee is entitled to the statutory waiting time penalty of up to thirty days of wages under California Labor Code § 203.

98. Plaintiff's employment with Defendant ended.

99. Defendant willfully failed to pay Plaintiff all wages when due.

100. Plaintiff's daily wage rate at the time her employment with Defendant ended was approximately $116.

101. Although Defendant terminated Plaintiff's employment on June 7, 2023, it did not provide her with her final paycheck until September 2023.

102. Accordingly, Plaintiff is entitled to a statutory wage penalty of $3,480 ($116 multiplied by 30 days).

**WHEREFORE,** Plaintiff prays judgment against Defendant and Does 1-30 as is more fully set forth hereinafter.

**NINTH CAUSE OF ACTION**

Wrongful Termination in Violation of Public Policy

(As to Defendant and Does 1-30)

103. Plaintiff refers to and incorporates each paragraph above as though set forth in full in this cause of action.

104. Throughout her employment with Defendant, Plaintiff performed the duties of her work assignments competently.

105. Under California law, no employee can be terminated or subjected to adverse employment action for a reason that violates a fundamental public policy.

106. Plaintiff was employed by Defendant.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

107. Defendant discharged Plaintiff.

108. Plaintiff's request for accommodations for her physical disability and complaint to Defendant about being harassed by another employee due to her physical disability was a substantial motivating reason for Defendant's decision to discharge Plaintiff.

109. Plaintiff was harmed.

110. The discharge was a substantial factor in causing Plaintiff's harm.

111. As a result of the foregoing actions, Plaintiff has suffered damages in an amount in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

**WHEREFORE**, Plaintiff prays judgment against Defendant and Does 1-30 as is more fully set forth hereinafter.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against each defendant, as is fully set forth below:

a. For general damages in a sum according to proof;

b. For special damages in a sum according to proof;

c. For compensatory damages in a sum according to proof;

d. For pre and post-judgment interest;

e. For statutory penalties;

f. For punitive/exemplary damages;

g. An award of reasonable attorneys fees and costs in accordance with California law, including but not limited to the California Government Code, Labor Code, and/or Code of Civil Proc. § 1021.5;

h. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

///

///

///

///

///

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury.

Dated: October 25, 2023

WILSHIRE LAW FIRM
A Professional Law Corporation

Wesley C. Shelton
Attorney for Plaintiff
Sweet Ann Nanca Carol

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

# EXHIBIT A

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency
GAVIN NEWSOM, GOVERNOR

Civil Rights Department
KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

September 27, 2023

Wesley Shelton
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010

RE: **Notice to Complainant's Attorney**
CRD Matter Number: 202309-21907308
Right to Sue: Nanca / Amazon.com Services LLC et al.

Dear Wesley Shelton:

Attached is a copy of your complaint of discrimination filed with the Civil Rights Department (CRD) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,

Civil Rights Department

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency
GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR
Civil Rights Department
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

September 27, 2023

RE: **Notice of Filing of Discrimination Complaint**
CRD Matter Number: 202309-21907308
Right to Sue: Nanca / Amazon.com Services LLC et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil Rights Department (CRD) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to CRD is requested or required.

Sincerely,

Civil Rights Department

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency
GAVIN NEWSOM, GOVERNOR

Civil Rights Department
KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

September 27, 2023

Sweet Ann Nanca
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010

RE: **Notice of Case Closure and Right to Sue**
CRD Matter Number: 202309-21907308
Right to Sue: Nanca / Amazon.com Services LLC et al.

Dear Sweet Ann Nanca:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective September 27, 2023 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Civil Rights Department

# COMPLAINT OF EMPLOYMENT DISCRIMINATION BEFORE THE STATE OF CALIFORNIA
## Civil Rights Department
## Under the California Fair Employment and Housing Act (Gov. Code, § 12900 et seq.)

**In the Matter of the Complaint of**
Sweet Ann Nanca

CRD No. 202309-21907308

Complainant,

vs.

Amazon.com Services LLC
410 Terry Avenue North
Seattle, WA 98109

Becky Degeorge Agent for Service of Process for
Amazon.com Services LLC
2710 Gateway Oaks Drive
Sacramento, CA 95833

Respondents

---

**1.** Respondent **Amazon.com Services LLC** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.**Complainant is naming **Becky Degeorge Agent for Service of Process for Amazon.com Services LLC** individual as Co-Respondent(s).

**3.** Complainant **Sweet Ann Nanca**, resides in the City of **Los Angeles,** State of **CA.**

**4.** Complainant alleges that on or about **June 7, 2023**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's medical condition (cancer or genetic characteristic), disability (physical, intellectual/developmental, mental health/psychiatric).

**Complainant was discriminated against** because of complainant's medical condition (cancer or genetic characteristic), disability (physical, intellectual/developmental, mental health/psychiatric) and as a result of the discrimination was terminated, denied any employment benefit or privilege, denied work opportunities or assignments, denied accommodation for a disability.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation and as a result was terminated, reprimanded, denied any employment benefit or privilege, denied work opportunities or assignments, denied accommodation for a disability.

**Additional Complaint Details:** Amazon.com Services LLC terminated Ms. Nanca after she incurred too many attendance points, which should not have accrued because Ms. Nanca's doctor had provided her with up to three intermittent absences per month. Moreover, Amazon.com Services, LLC terminated Ms. Nanca's employment shortly after she complained about harassment. Finally, although Ms. Nanca appealed her termination as was her right under Company policy, no Company employee attended the appeal or considered her case.



Date Filed: September 27, 2023

VERIFICATION

I, **Wesley C. Shelton**, am the **Attorney** in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true.

On September 27, 2023, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Los Angeles California**